PER CURIAM.
Vincent Drago appeals the summary denial of his postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850. The 56-page motion raised five claims of ineffective assistance of trial counsel, one of which included 21 sub-claims, with one sub-claim containing 20 sub-parts. We affirm, without comment, as to all claims of error save for one, claim 1(P). We write to explain why we reverse as to claim 1(P) and remand for the attachment of records that conclusively refute the allegation or for an evidentiary hearing.
Drago was charged with second degree murder in the death of Drago’s female roommate. The death occurred sometime around October 8, 2000, but Drago kept the victim’s body, wrapped in a comforter, in the apartment for approximately one week before he was arrested. It is undisputed that the death resulted from a stab wound to the chest, though the victim had several other knife-related injuries to her body, which were the focus of conflicting expert testimony. According to the defense theory, the victim attacked Drago with a knife while he was lying in his bed. Drago claimed he blocked the initial attack with his hand, while still in his bed, and received a cut on the palm of his hand by the knife. Drago testified that he was able to get out of bed, wrap his hand with a towel, and then defend himself while pushing the victim out of the bedroom. Dra-go’s testimony, and statement to police, claimed the two then fell to the floor with the knife entering the victim’s chest, killing her. The jury found Drago guilty of *590 the lesser-ineluded offense of manslaughter with a deadly weapon. This court affirmed the conviction and sentence. See Drago v. State, 859 So.2d 534 (Fla. 4th DCA 2003).
The sole issue that requires our attention is whether Drago’s attorney provided ineffective assistance of counsel for failing to present evidence of Drago’s own blood found on the “safari-print” comforter Dra-go kept on his bed. In order to demonstrate ineffective assistance of counsel, the movant must show counsel’s performance was deficient beyond reasonable professional standards and there is a reasonable probability counsel’s deficient performance affected the outcome of the proceeding or rendered it fundamentally unfair. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Provenzano v. State, 616 So.2d 428, 430-31 (Fla.1993).
In the instant case, the lower court misunderstood the allegation raised in the motion. The evidence presented at trial showed Drago had wrapped the victim’s body in her favorite comforter and placed her on the living room couch. In denying Drago’s motion, the lower court believed Drago wanted his attorney to present evidence concerning this particular comforter. However, it is clear there were two relevant comforters, the one Drago used to wrap the victim’s body and the one on Drago’s bed when he claims he was attacked by the victim. Evidence of blood on the comforter from the bedroom would appear to support Drago’s claim of self-defense, which was a contested issue at trial. The prosecutor presented at least two witnesses, Jack McCall and Amy Sin-nott, that testified no blood was found in the bedroom. The prosecutor, in closing arguments, alleged Drago’s self-defense theory could not be supported due to the lack of evidence of blood in the bedroom. If the allegations in Drago’s motion are true, regarding Drago’s own blood found on the bedroom comforter, it would seem to be a significant piece of evidence to support the self-defense theory, and would contradict the testimony of the state’s witnesses.
Our review of the entire record does not lead us to the conclusion that the bedroom attack evidence went unchallenged by the prosecutor as the state contends. Because the lower court failed to address the specific claim in the motion, we believe the lower court improperly denied relief. As such, we reverse the summary denial as to this issue alone, affirming as to all other claims of error, and remand for a limited evidentiary hearing as to claim 1(P), or attachment of record evidence that conclusively refutes the allegations.

Affirmed, in part, reversed, in part, and remanded.

GROSS, HAZOURI and MAY, JJ., concur.